NATIONAL LAND CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11130.   Promulgated February 6, 1928.

*James C. Peacock, Esq.*, and *M. H. Barnes, C. P. A.*, for the petitioner.

*C. H. Curl, Esq.*, for the respondent.

528

OPINION.

SIEFKIN : The first question to be considered in this case is whether the petitioner is guilty of an intent to defraud, as a result of its failure to include certain items in its tax return for the year 1919.

Section 250 (b) of the Revenue Act of 1918 reads, in part, as follows:

If the understatement is false or fraudulent with intent to evade the tax, then, in lieu of the penalty provided by section 3176 of the Revised Statutes, as amended, for false or fraudulent returns willfully made, but in addition to other penalties provided by law for false or fraudulent returns, there shall be added as part of the tax 50 per centum of the amount of the deficiency.

In this proceeding the parties who filed the original return for 1919 are not available as witnesses, one being dead and the other being incapacitated. However, it is shown that the errors in the return are not all in favor of the petitioner. An item of $6,354.91 and one of $199.57 were included as income by the petitioner, which were properly deductible from income. As against this there is an item of $14,500, the profit from the sale of a parcel of land, an item of $279.72, and an item of $4,444.62, which were not included as income in the return. The last item, we find from the evidence, was not income during the year 1919, being the summary of the farm account carried from previous years.

There was apparently no attempt to conceal the transaction, since the balance sheet submitted with the return showed a decrease of $16,299.40 in the property account during the year 1919. The cost of the land which was sold was $10,300, and as the $10,000 received had not exhausted the basis, it would be possible that those who filed the return did not consider that income on this deal had been realized in 1919.

The character of C. H. Bell, who was charged with the management of the business, it is testified, was good.

In view of the evidence we are of the opinion that the understatement was not false or fraudulent with intent to evade the tax.

The return was filed on March 14, 1920, and assessment or collection not having been made within five years after such date, there is no deficiency. See *John McCarthy & Son, Inc.*, 1 B. T. A., 1116.

*Judgment of no deficiency will be entered for the petitioner.*